FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2019 AUG -7 PM 1:35

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 8:19 cr 324 T 36 SPF

46 U.S.C. §§ 70503(a) and 70506(a) and (b)

JUSTO SUAREZ SILVA,
EULOGIO RAFAEL MARIN GONZALEZ,
DIORVIS JOSE CORDOVA REYES,
GREGORY JOSE VASQUEZ NAVAL,
EDDY XOL LARES,
ALEXIS HERNANDEZ VASQUEZ, and
FREDRICK ARMANDO SALAZAR VASQUEZ

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**

Beginning on an unknown date and continuing through on or about July 31, 2019, while upon the high seas and onboard a vessel subject to the jurisdiction of the United States, the defendants,

JUSTO SUAREZ SILVA,
EULOGIO RAFAEL MARIN GONZALEZ,
DIORVIS JOSE CORDOVA REYES,
GREGORY JOSE VASQUEZ NAVAL,
EDDY XOL LARES,
ALEXIS HERNANDEZ VASQUEZ, and
FREDRICK ARMANDO SALAZAR VASQUEZ,

did knowingly, willfully, and intentionally combine, conspire, and agree with each other and other persons unknown to the Grand Jury, to possess with

intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and punishable under 21 U.S.C. § 960(b)(1)(B)(ii).

## COUNT TWO

Beginning on an unknown date and continuing through on or about July 31, 2019, while upon the high seas and onboard a vessel subject to the jurisdiction of the United States, the defendants,

JUSTO SUAREZ SILVA,
EULOGIO RAFAEL MARIN GONZALEZ,
DIORVIS JOSE CORDOVA REYES,
GREGORY JOSE VASQUEZ NAVAL,
EDDY XOL LARES,
ALEXIS HERNANDEZ VASQUEZ, and
FREDRICK ARMANDO SALAZAR VASQUEZ,

did knowingly and intentionally, while aiding and abetting each other and other persons unknown to the Grand Jury, possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and punishable under 21 U.S.C. § 960(b)(1)(B)(ii).

## FORFEITURE

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 21 U.S.C. §§ 853 and 881, 46 U.S.C. § 70507, and 28 U.S.C. § 2461(c).

2. Upon their conviction of any of the violations alleged in Counts One or Two of this Indictment, in violation of 46 U.S.C. § 70503, the defendants,

JUSTO SUAREZ SILVA,
EULOGIO RAFAEL MARIN GONZALEZ,
DIORVIS JOSE CORDOVA REYES,
GREGORY JOSE VASQUEZ NAVAL,
EDDY XOL LARES,
ALEXIS HERNANDEZ VASQUEZ, and
FREDRICK ARMANDO SALAZAR VASQUEZ,

shall forfeit to the United States, pursuant to 46 U.S.C. § 70507, 21 U.S.C. § 881(a), and 28 U.S.C. § 2461(c), any and all property described in 21 U.S.C. § 881(a)(1) through (11) that was used or intended for use to commit, or facilitate the commission of, such offenses.

3. Upon their conviction of any of the violations alleged in Counts One or Two of this Indictment, in violation of 21 U.S.C. § 960, the defendants,

JUSTO SUAREZ SILVA,
EULOGIO RAFAEL MARIN GONZALEZ,
DIORVIS JOSE CORDOVA REYES,
GREGORY JOSE VASQUEZ NAVAL,
EDDY XOL LARES,
ALEXIS HERNANDEZ VASQUEZ, and
FREDRICK ARMANDO SALAZAR VASQUEZ,

shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

4. If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or,

e. has been commingled with other property, which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provision of 21 US.C. § 853(p), directly and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

____________________
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: ____________________
Nicholas G. DeRenzo
Special Assistant United States Attorney

By: ____________________
Joseph K. Ruddy
Assistant United States Attorney
Chief, Transnational Organized Crime Section

No.

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

JUSTO SUAREZ SILVA,
EULOGIO RAFAEL MARIN GONZALEZ,
DIORVIS JOSE CORDOVA REYES,
GREGORY JOSE VASQUEZ NAVAL,
EDDY XOL LARES,
ALEXIS HERNANDEZ VASQUEZ, and
FREDRICK ARMANDO SALAZAR VASQUEZ

**INDICTMENT**

Violations: 46 U.S.C. §§ 70503(a) and
70506(a) and (b)

A true bill,

____________________
Foreperson

Filed in open court this ___ day

of August 2019.

____________________
Clerk

Bail $____________________